**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

## ORDER ON AMICUS BRIEFS[1]

When I was practicing law, I often wondered why amicus briefs were generally not filed at the district court level. It occurred to me back then that such briefs could have considerably more impact at the district court level than they have at the circuit court level or even at the Supreme Court. Since taking the bench, my views on the desirability of amicus briefing at the district court level have only grown stronger. While the majority of cases on a district court's docket don't warrant amicus briefing, there are a healthy number of cases each year that do.

By way of example, and not limitation, each year a handful (or two) of cases on my docket present really serious issues of constitutional law or statutory interpretation that are not directly controlled by binding precedent. And I have found that, in these cases, the parties often do not have the necessary time or economic resources to devote to full analyses of the text and history of the provision or provisions at issue. In such cases, my judicial process and my decisions would likely benefit from amicus briefing on the original public meaning of the disputed provision or provisions. I can imagine amici providing, among other things, important historical context, in-depth corpus linguistics analyses, or detailed structural arguments that might not make it into the parties' briefing.

I recognize that amicus briefing is a costly and time-consuming endeavor. However, it is also a great way for more junior attorneys at law firms, non-profits, corporations, and government entities to gain valuable experience, make a good reputation for themselves, and get some oral argument time. Accordingly, in addition to making it known that I invite and am grateful for

[1] The Clerk is directed to enter this Order in every civil case currently pending before me. In future civil cases over which I preside, this Order should be entered automatically in response to the filing of a complaint.

amicus briefs in my cases, I wish to extend the following notice. Anyone who is the principal drafter of an amicus brief on either a dispositive motion or a motion for preliminary relief in one of my cases will be guaranteed at least ten (10) minutes of oral argument time so long as the person has been a lawyer for fewer than seven (7) years. The parties in the case may not in any way fund the amicus brief or the drafter's attendance at oral argument.

An amicus brief (attached as an exhibit to a motion for leave to file) must be submitted no later than three (3) days after the filing of the principal brief by the party that the amicus brief supports. If the amicus brief supports neither party, it must be submitted no later than three (3) days after the filing of the principal brief by the party opposing the motion. An amicus brief must be no more than twenty (20) pages, unless leave of the Court is obtained to exceed that number of pages. As a general matter, the Court will look favorably upon a request by any party to respond to an amicus brief in writing. And, of course, any party may respond to any amicus brief at oral argument.

IT IS SO ORDERED this 21st day of March 2023.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE